# THE JULIA C. DAVIN.

# THE DE WITT CLINTON.

# THE JOAN FLANNERY.

# THE KERAN FLANNERY.

## No. 206.

Circuit Court of Appeals, Second Circuit.
April 2, 1934.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan and Joseph V. Lane, Jr., both of New York City, of counsel), for libelant-appellant.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for respondent-appellee.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The three barges Julia C. Davin, Constance and Eileen and Nana C., all loaded, were part of a tow of eighteen boats made up in six tiers of three which were being towed down the Hudson river on August 15, 1928, by the tugs Joan Flannery and Keran Flannery. The Nana C. was the port boat in the fourth tier, with the Julia C. Davin beside her in the middle. The Constance and Eileen was on the port side of the fifth tier.

When the tow was between Poughkeepsie and New Hamburg, the steamer De Witt Clinton, coming up the river, passed it from one hundred to two hundred and fifty feet to port. Swells from the steamer caused the boats in the tow to surge and collide with each other, some lines were broken, and the three barges named were damaged.

The owner of each barge sued the De Witt Clinton, and the two tugs were impleaded. In accordance with a stipulation of the parties, only the record in the action by Davin has been printed, and the other suits are to be decided upon that.

The issues are solely of fact, and did it not seem plain that some confusion in respect to them has crept into the decision we should have more hesitation in disturbing the result below. In an opinion (6 F. Supp. 691) in which it was stated that the only issue was whether the De Witt Clinton had passed the tow at an excessive rate of speed, the conclusion was reached on the evidence that she had not done so, and it was said that the libels would be dismissed both as to the steamer and the parties impleaded. Findings of fact and conclusions of law were signed and filed. A decree dismissing the libels was entered. Under the title "Conclusions of Law" there appeared the following: "3. That the tow in which the barge 'Julia C. Davin' was navigating was not made up in such a manner as to withstand the usual swells normally to be encountered in the waters in which the tow was then navigating." Passing the question whether this was a finding of fact rather than a conclusion of law, if it was deliberately made there is no discernible reason why the tugs should have been exonerated. They were responsible for the make-up of the tow, as has many times been held. The Margaret Irving (C. C. A.) 47 F.(2d) 230. It is probable that the above quotation from the conclusions of law was inadvertent. The subject was not referred to in the judge's opinion, and the decree entered did not conform to it. More important still, the evidence that the tow was improperly made up for the voyage undertaken was of the flimsiest sort and overbalanced by the proof that the make-up was proper.

The fact that these barges were damaged when tossed about by swells from the De Witt Clinton is undisputed. The evidence that the steamer was going up the river, before the

tow was actually passed, too fast to pass the tow safely without slowing down, is not questioned. There was much evidence that she did not slow down. The witnesses in behalf of the steamer could not remember passing the tow at all, and their testimony as to conditions at that time was based on the De Witt Clinton's log. It contained an entry to the effect that this tow and what was called a Washburn tow were passed at Clinton Point at the same time. Witnesses for the respondent testified that the steamer slowed first to half speed; then to dead slow one minute later; and "hooked on" five minutes after reducing the engine revolutions to half speed. The evidence of the log that the Washburn tow was passed at the time these barges were damaged was, moreover, squarely contradicted by evidence that the Washburn tow was then some miles up the river.

In view of the clear proof that these barges were much tossed about by swells from the steamer, that those swells were so severe that damage was sustained on bow, stern, on a deck and on the bottom of at least one, and that the tow was not negligently made up, we cannot resist reaching the conclusion on the evidence that the damaging size of the swells was due to the excessive speed of the steamer when it passed this tow. We therefore find that to be the fact, and find that such excessive speed was the sole cause of the damage to the barges.

Decree reversed, with directions to enter a decree in favor of each libelant to recover of the De Witt Clinton the damages sustained. Each libel is dismissed as to the impleaded tugs.